# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1321

_____

Earl D. Wolverton, for next     *
friend Joshua Wolverton,     *
    *
       Appellant,     *    Appeal from the United States
    *    District Court for the Eastern
     v.     *    District of Missouri.
    *
Doniphan R-1 School District;     *     **[UNPUBLISHED]**
Commercial Union Insurance     *
Company,     *
    *
       Appellees.     *

_____

Submitted: June 7, 2001
Filed: June 12, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Joshua Wolverton was in attendance at Doniphan R-1 School District's classroom for behaviorally disadvantaged students when a security guard sprayed him with mace for behavior that could have been attributed to Joshua's mental illness. Seeking money damages for the pain and distress Joshua suffered, Earl D. Wolverton as Joshua's next friend sued Doniphan and its insurer (who was separately dismissed and is not at issue here), alleging that the macing deprived Joshua of his Fourteenth Amendment procedural due process rights, and that it also violated 20 U.S.C.

§ 1415(k)(4), a portion of the Individuals with Disabilities Education Act (IDEA) providing for a hearing to review a school's decision to change the placement of a disabled child. The district court[1] dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and Wolverton appeals. Upon de novo review of the record, see Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000), cert. denied, 121 S. Ct. 1168 (2001), we affirm.

We agree with the district court that Joshua may not recover under section 1415(k)(4), because there is no allegation of a contemplated change of placement for Joshua; further, IDEA does not allow recovery of damages. See Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 856 (8th Cir. 2000). The procedural due process claim also fails because Wolverton did not allege that Doniphan had a policy or custom requiring the use of mace to discipline students, or that a school official made an executive decision to have Joshua maced. See Shrum v. Kluck, No. 00-1874, 2001 WL 476903 at *4 (8th Cir. May 8, 2001). We do not consider the allegations and claims raised for the first time in Wolverton's appeal brief. See Alexander v. Pathfinder, Inc., 189 F.3d 735, 742 (8th Cir. 1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri.